**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANINE S. CHANDLER,

    Petitioner,

    v.

MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation, and VELDA DOBSON-DAVIS, Warden,

    Respondents.

No. C 10-02452 WHA

**ORDER TO SHOW CAUSE, GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at Valley State Prison for Women in Chowchilla, California, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. She has applied for leave to proceed in forma pauperis. She has also moved for appointment of Attorney Carol Strickman as counsel pursuant to 18 U.S.C. 2006A(a)(2)(B).

## STATEMENT

In 2006, petitioner was convicted of one count of first degree murder and one count of attempted premeditated murder and was sentenced to an indeterminate term of 50 years to life. The California Court of Appeal affirmed the conviction, and the California Supreme Court denied review. A petition for a writ of habeas corpus filed in the California Supreme Court was denied.

# ANALYSIS

**A.  STANDARD OF REVIEW.**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a petitioner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner. . . and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. Notice pleading is not sufficient. The petition "is expected to state facts that point to a real possibility of constitutional error." Rule 4 Advisory Committee Notes (internal quotations omitted).

**B.  LEGAL CLAIMS.**

As grounds for federal habeas relief, petitioner claims that (1) she received ineffective assistance of trial counsel because her counsel failed to present expert testimony that petitioner was the victim of intimate partner abuse in support of her defense of self-defense, (2) she received ineffective assistance of trial counsel because her counsel failed to present evidence that petitioner was a victim of abuse, failed to produce evidence that petitioner did not premeditate or attempt to kill the victim, failed to produce impeachment evidence, and failed to object to other prejudicial and irrelevant evidence offered by the prosecution, and (3) that the admission of the prior testimony and statements of the prosecution's key witness were admitted at trial without the prosecution acting in good faith to locate him, and without petitioner having any ability to cross-examine him.

Petitioner's claims, when liberally construed, are sufficient to require a response.

**C.  NO COUNSEL APPOINTED.**

Petitioner has also requested appointment of Attorney Carol Strickman — who represented her in her direct appeal and state habeas petition — pursuant to the provisions of 18

2

U.S.C. 3006A(a)(2)(B).  The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. 2006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

The decision to appoint counsel is within the discretion of the district court.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 ( 9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987);  *Knaubert*, 791 F.2d at 728. Here, because the issues have already been developed in state court and the interests of justice do not require appointment, the motion is **DENIED**.

## CONCLUSION

1. The clerk shall mail a copy of this order, the petition filed in this matter with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims set forth in the petition and supplemental petition.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

3. Respondent may file, within 60 days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

3

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. In light of her lack of funds, petitioner's application to proceed in forma pauperis (Dkt. No. 4) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 14, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE