UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANINE S. CHANDLER, | Case No.: 10-CV-04383-LHK |
| Petitioner, | ORDER DENYING MOTION TO DISMISS PETITION FOR FAILURE TO EXHAUST |
| v. | |
| MATTHEW S. CATE, SECRETARY OF CALIFORNIA CDCR, ET AL., | (re: dkt. #9) |
| Respondents. | |

Petitioner, a California state prisoner proceeding with counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her conviction and sentence. Respondents filed a motion to dismiss the petition for failure to exhaust state remedies with respect to certain claims. Petitioner has filed an opposition. Having reviewed the papers, the Court DENIES Respondents' motion to dismiss.

**I. BACKGROUND**

Petitioner was sentenced to an indeterminate sentence of 50 years to life in state prison for first degree murder and attempted premeditated murder in Contra Costa County Superior Court. Petitioner filed a direct appeal to the California Court of Appeal, and filed a habeas petition in the California Court of Appeal. On February 18, 2009, the California Court of Appeal affirmed the conviction and judgment in a written opinion. That same day, the California Court of Appeal summarily denied the habeas petition. Petitioner then filed a Petition for Review in the California

1

1  Supreme Court, and a petition for a writ of habeas corpus in the California Supreme Court. On
2  June 10, 2009, the California Supreme Court denied review of the Petition on direct appeal, and
3  summarily denied the habeas petition. Petitioner filed the instant action on June 3, 2010.

4  In the petition before this Court, Petitioner raised three claims: (1) ineffective assistance of
5  counsel under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution on the ground
6  that trial counsel failed to present expert evidence that Petitioner was the victim of intimate partner
7  abuse in support of her self-defense argument; (2) ineffective assistance of counsel under the Fifth,
8  Sixth, and Fourteenth Amendments to the U.S. Constitution on the grounds that trial counsel failed
9  to present other available evidence of Petitioner's intimate partner abuse-related defense and trial
10 counsel failed to object to prejudicial and irrelevant evidence offered by the prosecution; and (3)
11 denial of right to confront witnesses under Fifth, Sixth, and Fourteenth Amendments to the U.S.
12 Constitution on the ground that testimony of a key witnesses (Gregory Chandler, Petitioner's
13 husband who had allegedly "gone into hiding") was admitted at her trial without the prosecution
14 acting in good faith to locate that witness.

## II. DISCUSSION

16 Respondents move to dismiss the petition on the ground that Claims 1 and 3 are
17 unexhausted because Petitioner did not fairly present certain arguments in support of these claims
18 to the state courts.[1]

19 Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings
20 either the fact or length of their confinement are first required to exhaust state judicial remedies,
21 either on direct appeal or through collateral proceedings, by presenting the highest state court
22 available with a fair opportunity to rule on the merits of each and every claim they seek to raise in
23 federal court. *See* 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine reflects a
24 policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct
25 alleged violations of its prisoners' federal rights.'" *See Picard v. Connor*, 404 U.S. 270, 275, 92 S.
26 Ct. 509, 30 L. Ed. 2d 438 (1971) (citations omitted). The exhaustion requirement is satisfied only

---

[1] Respondents do not argue that Claim 2 is unexhausted. As explained below, the Court finds that all three of Petitioners' claims were exhausted.

2

Case No.: 10-cv-2452-LHK
ORDER DENYING MOTION TO DISMISS

if the federal claim has been "fairly presented" to the state courts. *See id*.; *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *See Rhines v. Weber*, 544 U.S. 269, 273, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).

**A. Petitioner has exhausted her three federal claims.**

The Court's review of Petitioner's petition for habeas corpus in the California Supreme Court reveals that Petitioner did, in fact, "fairly present" all three federal constitutional Claims at issue in the instant habeas petition. *See* Respondents' Mot. to Dismiss, Exh. 2 ("California Supreme Court Petition") [dkt. #9-2]. In the California Supreme Court Petition, Petitioner fairly presented: Claim 1 (ineffective assistance of counsel based on failure to present expert evidence) at pages 15-31 under a section entitled "Petitioner was deprived of the Effective Assistance of Counsel due to Counsel's Failure to Present Expert Evidence that She was the Victim of Intimate Partner Abuse and was afraid"; Claim 2 (ineffective assistance of counsel based on failure to present other evidence and failure to object) at pages 32-47 under sections entitled "Petition was deprived of the Effective Assistance of Counsel due to Counsel's Failure to Present Other Exculpatory Evidence," "Petitioner was deprived of the Effective Assistance of Counsel due to Counsel's Failure to make Meritorious Objections to the Admission of Gregory's Testimony and Statements," and "Counsel's Failure to Object to Other Inadmissible and Prejudicial Evidence Constituted Ineffectiveness;" and Claim 3 (denial of right to confront witness for prosecution's failure to locate key witness) at pages 9-13 under a section entitled "Petitioner's Right to Confront the Witnesses was Violated by the Prosecution's Failure to follow a Hot Lead to find Gregory" and at pages 40-47 under a section entitled "Petitioner was deprived of the Effective Assistance of Counsel due to Counsel's Failure to make Meritorious Objections to the Admission of Gregory's Testimony and Statements."[2]

---

[2] Petitioner's claims in the instant action were also raised in the California Court of Appeal. *See* Exh. A to Pet'n for Writ of Habeas Corpus, "February 18, 2009 California Court of Appeal Unpublished Decision" [dkt. #2] at pages 19-26 (discussing claim that trial counsel provided constitutionally ineffective assistance of counsel for failure to present certain expert and non-expert testimony, and failure to object to other testimony) and at pages 9-16 (discussing claim that Petitioner was denied right to confront witness [Gregory Chandler] at trial due to unavailability).

3

Case No.: 10-cv-2452-LHK
ORDER DENYING MOTION TO DISMISS

As the federal claims are clearly identified in the state court brief, Petitioner has properly exhausted all three federal claims at issue in her petition for habeas corpus before this Court. *See Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004) (holding that for a petitioner to "fairly present" federal claims to a state court, the federal issues must be clearly identified in the state court brief).[3]

### B. Petitioner has not raised "new claims" or "fundamentally altered" her factual allegations in the habeas corpus petition before this Court.

"New factual allegations do not ordinarily render a claim unexhausted." *See Beaty v. Stewart*, 303 F.3d 975, 989 (9th Cir. 2002). A claim is unexhausted only if new factual allegations "fundamentally alter the legal claim already considered by the state courts." *See Vasquez v. Hillery,* 474 U.S. 254, 260 (1986); *see also Beaty*, 303 F.3d at 989-90. It is not necessary that "every piece of evidence" supporting federal claims have been presented to the state court. *See Chacon v. Wood*, 36 F.3d 1459, 1469 n.9 (9th Cir. 1994) (emphasis in original); *see also Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). Rather, new evidence affects the fair presentation requirement only when it "substantially improves the evidentiary basis" for the claims at issue. *See Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988). New factual allegations that are merely cumulative of those presented to the state court do not transform the claim and thus do not require exhaustion. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1200-02 (E.D. Cal. 1982), aff'd, 733 F.2d 644 (9th Cir. 1984), aff'd, 474 U.S. 254 (1986); *see also Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (even if the "precise factual predicate" for a claim had changed, as long as the claim remained rooted in the same incident it was exhausted). Thus, exhaustion does not require that every piece of evidence supporting the federal claim be presented to the highest state court. *See Davis*, 511 F.3d at 1009. Rather, "to exhaust the factual basis of the claim, the petitioner must only provide the state court with the operative facts, that is, all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies." *Id*.

Here, Respondents suggest that Petitioner raised four "new claims" and presented "new declarations" not considered by the state courts. The four purportedly new claims are: (1) trial

---

[3] The Court does not address the factual accuracy or legal soundness of Petitioner's claims. This Order merely finds that Petitioner has exhausted those three claims in state court.

4

Case No.: 10-cv-2452-LHK
ORDER DENYING MOTION TO DISMISS

counsel's untimely retention of the domestic violence expert; (2) trial counsel's failure to explore with the expert how expert testimony could address concerns regarding the potential rebuttal witness; (3) trial counsel's failure to provide to the expert all relevant evidence regarding intimate partner abuse; and (4) the trial counsel's decision to put on general domestic violence testimony was unreasonable because it left the jury to infer that the expert did not believe Petitioner was a victim of intimate partner abuse.  In addition, Respondents argue that Petitioner presented two new declarations, one by a purported *Strickland* expert regarding her ineffective assistance of counsel claim, and one by Gregory Chandler regarding his whereabouts during Petitioner's criminal trial. Petitioner contends that her petition includes no new claims, and that Respondents' arguments, which focus merely on a few lines in a hundred-page brief, are "nitpicking at best."

The Court finds that, although there are slight differences between the petition filed in the California Supreme Court and the petition filed in this Court, none of those differences fundamentally alter the legal claims already considered by the state courts.  *See Belmontes v. Brown*, 414 F.3d 1094, 1117-18 (9th Cir. 2005), *rev'd on other grounds, Ayers v. Belmontes*, 549 U.S. 7 (2006) (new allegations in a federal petition do not render a claim unexhausted unless they fundamentally alter the legal claims already considered by the state courts).  The major thrust of Petitioner's argument before the state courts was that her trial counsel's performance was constitutionally defective because of trial counsel's inexperience, lack of familiarity with intimate partner abuse, and failure to present "case-specific expert testimony" that Petitioner was the victim of intimate partner abuse.  *See, e.g.*, California Supreme Court Petition at 7 ("trial counsel failed to present compelling and available case-specific testimony that petitioner was a battered spouse") and at 15 ("counsel did not present the expert's opinion that [Petitioner] was the victim of intimate partner abuse").  As Petitioner notes, whether trial counsel retained the expert in an untimely manner "was not a separate claim or even a new point."  *See* Response to Mot. to Dismiss at 4 [dkt. #10].  And, in the Court's view, an allegation as to trial counsel's tardiness in retaining a domestic violence expert does not fundamentally alter Petitioner's central argument that trial counsel's performance was constitutionally defective for failing to present that expert's opinions.  *See Vasquez*, 474 U.S. at 260; *see also Davis*, 511 F.3d at 1009.

5
Case No.: 10-cv-2452-LHK
ORDER DENYING MOTION TO DISMISS

1       The same principle holds true with respect to the three other purportedly new claims. Petitioner's allegations that trial counsel: failed to explore how the expert testimony could address trial counsel's concerns regarding rebuttal the witnesses, failed to provide the expert with all relevant evidence, and failed to put on case-specific expert testimony leaving the jury to infer that the expert did not believe Petitioner was a victim of intimate partner abuse are all encompassed, and thus fairly presented, in the arguments Petitioner raised before the California Supreme Court. For example, Petitioner made the following arguments to the California Supreme Court. First, trial counsel did not present the full results of the expert's assessment "based on his [trial counsel's] belief that the admission of the expert's testimony would 'open the door' to an undesirable rebuttal witness" and despite the expert's warning that he was making a "big mistake." *See* California Supreme Court Petition at 22, 27. Second, trial counsel did not thoroughly interview Petitioner, failed to fully investigate her case, and did not adequately follow up on information he had regarding Petitioner and Petitioner's relationship with Gregory Chandler. *Id*. at 32-33, 35. Third, by not presenting the expert's full testimony, trial counsel "deprived the jury of relevant, helpful and exculpatory evidence that [Petitioner] was a victim of domestic violence and reasonably feared for her life." *Id*. at 28-31.

Finally, although new, the two declarations submitted with the habeas petition do not provide additional factual allegations that fundamentally alter Petitioner's claims, or the evidentiary basis for Petitioner's claims. In the first declaration, purported *Strickland* expert, M. Gerald Schwartzbach, merely opines that trial counsel's performance was constitutionally defective for failure to adequately inform himself about what was then referred to as "Battered Women's Syndrome" (now intimate partner abuse) and for failure to present case-specific testimony regarding Petitioner. *See* Exh. E attached to Petition [dkt. #2]. Mr. Schwartzbach's declaration includes no new factual allegations, and is simply cumulative of the allegations presented in state court. *See Hillery*, 533 F. Supp. at 1200-02.

Similarly, the second declaration, by Gregory Chandler regarding his whereabouts during Petitioner's trial, does not fundamentally alter the nature of Petitioner's legal claim under the Confrontation Clause or substantially improve the evidentiary basis for that claim. *See Aiken*, 841

6

Case No.: 10-cv-2452-LHK
ORDER DENYING MOTION TO DISMISS

F.2d at 883. Moreover, Petitioner expressly raised her confrontation claim with respect to Gregory's whereabouts during trial before the state courts. *See* California Supreme Court Petition at 9-10 ("Evidence discovered after trial revealed that, before and during trial, Gregory was living in Sacramento with new girlfriends Margo Swift and Deneen Hayes. Other new evidence reveals that the prosecution investigator was in contact with Margo Swift during [Petitioner's] trial.") and at 50-51 ("The evidence shows that, in the months before and during [Petitioner's] trial, Gregory was living with his new girlfriends Margo Swift and then Deneen Hayes, in Sacramento, and not with [Petitioner's] family. Neither of these women had any contact with [Petitioner] or her family. *Gregory himself states* that neither [Petitioner] nor anyone in her family knew where he was during the trial and they had not encouraged him to hide out.") (emphasis added). In other words, the state courts had the same the legal theory (denial of right to confront witnesses) and the same operative facts before it (Gregory's whereabouts during trial, who knew about his whereabouts, and the prosecution's efforts to find him) as presented in the pending habeas petition. *See Davis*, 511 F.3d at 1009 (in order to exhaust a federal claim, "the petitioner must only provide the state court with the operative facts, that is all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.").

In sum, none of what Respondents characterize as "new claims" or "new evidence" fundamentally alters the nature of the legal claims already considered by the state courts and at issue in the pending habeas petition.

### III.  CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss for failure to exhaust is DENIED. Respondents shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondents shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, she shall do so by

filing a traverse with the Court and serving it on respondent within **thirty days** of service of Respondents' answer.

**IT IS SO ORDERED.**

Dated: March 14, 2011

_____
LUCY H. KOH
United States District Judge