UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANINE SIMONE CHANDLER,<br><br>    Petitioner,<br><br>  v.<br><br>MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation, and VELDA DOBSON-DAVIS, Warden,<br><br>    Respondents. | Case No.: 10-CV-02452-LHK<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL |

On September 18, 2012, the Court denied Petitioner Janine Simone Chandler's ("Petitioner" or "Chandler") Petition for a Writ of Habeas Corpus. *See* ECF No. 33 ("Order"). Before the Court is Petitioner's Motion to Appoint Counsel on Appeal. ECF No. 37 ("Mot."). Having considered Petitioner's submission and the relevant law, and for good cause shown, the Court hereby DENIES Petitioner's Motion to Appoint Counsel on Appeal.

I.   **BACKGROUND**

In 2006, Chandler was convicted of one count of first degree murder and one count of attempted premeditated murder and was sentenced to an indeterminate term of 50 years to life. *See* ECF No. 2, Ex. A. The California Court of Appeal affirmed the conviction, and the California Supreme Court denied review. *See id.*; *id.* at Ex. C. The California Supreme Court then denied Chandler's Petition for a Writ of Habeas Corpus. *See id.* at Ex. D.

On June 3, 2010, Chandler filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The Petition brings claims of ineffective assistance of counsel and denial of the right to confront witnesses under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. *Id.* On September 18, 2012, the Court denied Chandler's Habeas Petition, denied Chandler's Motion for Hearing, and denied Chandler's Motion to Appoint Counsel. *See* Order, ECF No. 33. The instant Motion before the Court is Petitioner's third request that counsel be appointed to represent her in this matter. *See* ECF Nos. 1, 30, 37. Petitioner is currently incarcerated at Valley State Prison for Women in Chowchilla, California. *See* Order at 1.

## II. ANALYSIS

Petitioner moves to appoint Attorney Carol Strickman to represent her on appeal pursuant to Ninth Circuit Rule 4-1(b). Mot. at 1; 9th Cir. R. 4-1(b). Rule 4-1(b) applies to the appointment of counsel in criminal appeals, and grants the district court discretion to determine whether appointment of counsel is warranted. 9th Cir. R. 4-1(b) ("[The motion for] appointment of counsel shall be presented to the district court . . . . If the district court finds that appointment of counsel is warranted . . . .").

As stated in the Court's previous Orders Denying Motion for Appointment of Counsel, *see* ECF Nos. 7, 33, a district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is "financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (amended).

In the Order Denying Chandler's Habeas Petition, the Court found that "[t]he issues in this case remain well developed, and the interests of justice do not require appointment of counsel." Order at 29. The Court also found that the merits decidedly failed to satisfy the rigorous legal standard for challenging a state court's adjudication of a claim. *Id.* at 7.[1] Chandler does not set

---

[1] A plaintiff must establish that the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

2

Case No.: 10-CV-02452-LHK
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL

forth any basis for which the Court should alter its prior findings.  Accordingly, the Court finds that the interests of justice do not require appointment of counsel.

### III.   CONCLUSION

The Court DENIES Petitioner's Motion for Appointment of Counsel on Appeal.

**IT IS SO ORDERED.**

Dated: July 12, 2013

_____
LUCY H. KOH
United States District Judge

---

on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  ECF No. 33 (quoting 28 U.S.C. § 2254(d)).